UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EDWARD E. OGALO,

          *Plaintiff*,

-against-

NYS THRUWAY AUTHORITY, et al.

          *Defendants*.

**DEFENDANTS STATEMENT PURSUANT TO RULE 7.1**

10-CV-01163

DNH/TWD

## STATEMENT PURSUANT TO RULE 7.1(a)(3)

Pursuant to Rule 7.1(a)(3) of the Local Rules of this Court, the defendants NYS Thruway Authority and the NYS Canal Corporation, contend that as to the following material facts, no genuine issue exists:

1. The complaint was filed on September 29, 2010. Docket No. 1.

2. Edward Ogalo ("Plaintiff"), brings this action pursuant to Title VII of the Civil Rights act as amended. Docket No. 1.

3. Plaintiff alleges he was terminated from employment from the Canal Corporation because of his race, ethnicity, age and national origin. Docket No. 1 at pgs. 4, 5 and 6.

4. Plaintiff alleges he was so terminated in November of 2007. Complaint, Docket No. 1 at pg. 5.

5. Plaintiff filed a complaint with the NYS Division of Human Rights on July 15, 2009. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "A".

6. The NYS Division of Human Rights dismissed plaintiff's complaint as untimely.

*Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "B".

7. The incident which gave rise to the suspension and the termination concerned an incident on October 16, 2007, in the Utica Section in which the employer alleged that plaintiff picked up and swung a running chainsaw , causing two fellow employees to jump back out of the way to avoid injury and plaintiff said to one of the fellow employees, "its not you, its him", all in violation of an Executive Instruction against Workplace Violence. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pgs. 2 and 3 - 4. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "D" at pgs. 5-6.

8. As a result of the October 16, 2007 incident plaintiff was suspended on or about November 1, 2007. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 2.

9. Pursuant to the collective bargaining agreement between the NYS Canal Corporation and CSEA, an Arbitrator was designated to develop a Recommendation as to whether the Canal Corporation had just cause to suspend and terminate plaintiff, based on the October 16, 2007 incident. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 1.

10. On January 25, 2008 and March 17, 2008 hearings were held in the Arbitration at which time representatives of the parties appeared and were afforded a full opportunity to offer evidence and argument and to examine and cross-examine witnesses and file post-hearing briefs. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 1.

11. Plaintiff testified at his deposition that the Arbitrator found that the Canal Corporation had just cause to terminate him. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "D" at pg. 36.

12. Plaintiff testified at his deposition that at the Arbitration plaintiff testified and had a lawyer representing him. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "D" at pg. 37.

13. The Arbitrator found that with respect to the incident of October 16, 2007, that plaintiff unilaterally decided to start the chainsaw, without wearing any safety equipment, that a maintenance assistant disengaged the brake of the chainsaw, that plaintiff then swung the chainsaw due to the movement of the chain without warning and that the co-workers had to move to avoid being struck by the running chainsaw. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 15.

14 The Arbitrator found that with respect to the incident of October 16, 2007, plaintiff used the movement of the running chainsaw and the movement of the chain as a means to frighten his co-workers, and that the plaintiff sought to heighten the fear of one of the co-workers by pointing at one while indicating "its not you, its him". *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 15.

15. The Arbitrator found that with respect to the incident of October 16, 2007, that the employer in all material respects proved the factual underpinning of the charge by a preponderance of the evidence. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 15.

16. The Arbitrator found that with respect to the incident of October 16, 2007, that the employer had no obligation to assume the risk that the plaintiff could have engaged in similar extreme, reckless and potentially life-threatening conduct during the period between the incident and the final resolution of the charge and had probable cause to suspend the plaintiff without pay. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 16.

17. The Arbitrator found that with respect to the incident of October 16, 2007 that the plaintiff acted as aggressor, by using the movement of the running 24 inch chainsaw toward his co-workers as a way to threaten his co-workers by making an immediate comment and an immediate gesture directed primarily at one of the co-workers and that in accordance with the well disseminated policy of the employer that prohibits violence in the workplace that include "threats, threatening behavior and intimidation" the Canal Corporation had just cause to terminate the employment of plaintiff. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 18.

18. The Arbitrator found that with respect to the incident of October 16, 2007 that the record omits any persuasive evidence that the Canal Corporation acted in an arbitrary, capricious, discriminatory, or unreasonable manner in the charge against plaintiff and in seeking termination of plaintiffs employment. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 20.

19. The Arbitrator held that with respect to the incident of October 16, 2007, the Canal Corporation proved by a preponderance of the evidence that just cause existed to suspend plaintiff and just cause existed to terminate plaintiffs employment. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pgs. 20 - 21.

20. The Arbitrator recommended that the Canal Corporation did have just cause to suspend plaintiff and did have just cause to terminate plaintiff's employment. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 20.

21. Plaintiff's employment was terminated on September 2, 2008. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "E".

22. Plaintiff testified at his deposition that the during the incident of October 16, 2007 when plaintiff said "its not you, its him" the chainsaw was running and the chain was moving. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "D" at pg. 27.

23. Plaintiff was asked at his deposition if he had ever seen another Thruway or Canal Corporation employee with a running chainsaw directed at their co-workers say something like "its not you, its him" and he testified "I cannot say that I've seen that, yes". *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "D" at pg. 36.

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York  12224-0341

By: *David L. Cochran*

David L. Cochran
Assistant Attorney General, of Counsel
Bar Roll No. 508429
Telephone: (518) 474-4402
Fax: (518) 473-1572 (not for service of papers)