UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EDWARD E. OGALO,

                                                                                                               *Plaintiff*,

                  -against-                                                               10-CV-01163

NYS THRUWAY AUTHORITY, et al.                                    (DNH)(TWD)

                                                                              *Defendants*.


MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MOTION FOR SUMMARY
JUDGMENT


                                                             ERIC T. SCHNEIDERMAN
                                                             Attorney General of the State of New York
                                                             Attorney for Defendants
                                                             The Capitol
                                                             Albany, New York  12224-0341


David Cochran
Assistant Attorney General, of Counsel
Bar Roll No. 508429
Telephone:  (518) 474-4402
Fax: (518) 473-1572 (Not for service of papers)             Date: December 7, 2012

# Table of Contents

Preliminary Statement........................................................................................................................1

Statement of facts…........................................................................................................................1

Argument.........................................................................................................................................5

POINT I............................................................................................................................................5

Plaintiff's Title VII claims are time-barred to the extent that they are based on alleged incidents which were not timely presented in an EEOC Charge……………………………………………5

POINT II

Plaintiff's claims should be dismissed as a neutral Arbitrator recommended that plaintiff be terminated and that the defendants' had grounds to terminate plaintiff…………………….….…6

POINT III

Plaintiff cannot satisfy his burden of demonstrating a prima facie claim of discrimination and defendants, therefore, are entitled to summary judgment……………………………………..9

POINT IV

The record establishes that plaintiff's termination was based on appropriate, job-related performance criteria and was not influenced by any improper ethnic, racial
or age related animus…………………………………………………………………………...11


Conclusion.....................................................................................................................................13

PRELIMINARY STATEMENT

Defendants' the NYS Thruway Authority and the NYS Canal Corporation, move for summary judgment seeking dismissal of the plaintiff's complaint in its entirety and with prejudice.

Edward Ogalo ("Plaintiff"), brings this action pursuant to Title VII of the Civil Rights act as amended. Docket No. 1. Plaintiff alleges he was terminated from employment from the Canal Corporation because of his race, ethnicity, age and national origin. Docket No. 1 at pgs. 4, 5 and

Defendants' motion should be granted and plaintiff's claims should be dismissed in their entirety and with prejudice.

STATEMENT OF FACTS

The complaint was filed on September 29, 2010. Docket No. 1. Edward Ogalo ("Plaintiff"), brings this action pursuant to Title VII of the Civil Rights act as amended. Docket No. 1.

Plaintiff alleges he was terminated from employment from the Canal Corporation because of his race, ethnicity, age and national origin. Docket No. 1 at pgs. 4, 5 and 6. Plaintiff alleges he was so terminated in November of 2007. Complaint, Docket No. 1 at pg. 5.

Plaintiff filed a complaint with the NYS Division of Human Rights on July 15, 2009. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "A". The NYS Division of Human Rights dismissed plaintiff's complaint as untimely. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "B".

The incident which gave rise to the suspension and the termination concerned an incident on October 16, 2007, in the Utica Section in which the employer alleged that plaintiff picked up

1

and swung a running chainsaw , causing two fellow employees to jump back out of the way to avoid injury and plaintiff said to one of the fellow employees, "its not you, its him", all in violation of an Executive Instruction against Workplace Violence. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pgs. 2 and 3 - 4. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "D" at pgs. 5-6.

As a result of the October 16, 2007 incident plaintiff was suspended on or about November 1, 2007. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 2.

Pursuant to the collective bargaining agreement between the NYS Canal Corporation and CSEA, an Arbitrator was designated to develop a Recommendation as to whether the Canal Corporation had just cause to suspend and terminate plaintiff, based on the October 16, 2007 incident. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 1. On January 25, 2008 and March 17, 2008 hearings were held in the Arbitration at which time representatives of the parties appeared and were afforded a full opportunity to offer evidence and argument and to examine and cross-examine witnesses and file post-hearing briefs. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 1. Plaintiff testified at his deposition that the Arbitrator found that the Canal Corporation had just cause to terminate him. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "D" at pg. 36.

Plaintiff testified at his deposition that at the Arbitration plaintiff testified and had a lawyer representing him. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "D" at pg. 37.

The Arbitrator found that with respect to the incident of October 16, 2007, that plaintiff unilaterally decided to start the chainsaw, without wearing any safety equipment, that a

maintenance assistant disengaged the brake of the chainsaw, that plaintiff then swung the chainsaw due to the movement of the chain without warning and that the co-workers had to move to avoid being struck by the running chainsaw. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 15. The Arbitrator, further found that with respect to the incident of October 16, 2007, plaintiff used the movement of the running chainsaw and the movement of the chain as a means to frighten his co-workers, and that the plaintiff sought to heighten the fear of one of the co-workers by pointing at one while indicating "its not you, its him". *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 15.

The Arbitrator found that with respect to the incident of October 16, 2007, that the employer in all material respects proved the factual underpinning of the charge by a preponderance of the evidence. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 15. The Arbitrator, further found that with respect to the incident of October 16, 2007, that the employer had no obligation to assume the risk that the plaintiff could have engaged in similar extreme, reckless and potentially life-threatening conduct during the period between the incident and the final resolution of the charge and had probable cause to suspend the plaintiff without pay. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 16.

In addition, the Arbitrator found that with respect to the incident of October 16, 2007 that the plaintiff acted as aggressor, by using the movement of the running 24 inch chainsaw toward his co-workers as a way to threaten his co-workers by making an immediate comment and an immediate gesture directed primarily at one of the co-workers and that in accordance with the well disseminated policy of the employer that prohibits violence in the workplace that include "threats, threatening behavior and intimidation" the Canal Corporation had just cause to

terminate the employment of plaintiff.  *Cochran Affirmation in Support of Motion for Summary Judgment*,  Exhibit "C" at pg. 18.

The Arbitrator also found that with respect to the incident of October 16, 2007 that the record omits any persuasive evidence that the Canal Corporation acted in an arbitrary, capricious, discriminatory, or unreasonable manner in the charge against plaintiff and in seeking termination of plaintiffs employment (*Cochran Affirmation in Support of Motion for Summary Judgment*,  Exhibit "C" at pg. 20) and held that with respect to the incident of October 16, 2007, the Canal Corporation proved by a preponderance of the evidence that just cause existed to suspend plaintiff and just cause existed to terminate plaintiffs employment.  *Cochran Affirmation in Support of Motion for Summary Judgment*,  Exhibit "C" at pgs. 20 - 21.

Accordingly, the Arbitrator recommended that the Canal Corporation did have just cause to suspend plaintiff and did have just cause to terminate plaintiff's employment.  *Cochran Affirmation in Support of Motion for Summary Judgment*,  Exhibit "C" at pg. 20.

Plaintiff's employment was terminated on September 2, 2008.  *Cochran Affirmation in Support of Motion for Summary Judgment*,  Exhibit "E".

Plaintiff testified at his deposition that the during the incident of October 16, 2007 when plaintiff said "its not you, its him" the chainsaw was running and the chain was moving.  *Cochran Affirmation in Support of Motion for Summary Judgment*,  Exhibit "D" at pg. 27.

Additionally, when asked at his deposition  if  he had ever  seen another Thruway or Canal Corporation employee with a running chainsaw directed at their co-workers say something like "its not you, its him", plaintiff testified "I cannot say that I've seen that, yes".  *Cochran Affirmation in Support of Motion for Summary Judgment*,  Exhibit "D" at pg. 36.

ARGUMENT

Defendants' motion for summary judgment should be granted because plaintiff's claims are time barred, because of the Arbitration Hearing and Recommendation and because the claims have no merit.  Accordingly, defendants motion should be granted and plaintiff's claims should be dismissed in their entirety and with prejudice.

POINT I

PLAINTIFF'S TITLE VII CLAIMS ARE TIME-BARRED TO THE EXTENT
THAT THEY ARE BASED ON ALLEGED INCIDENTS WHICH WERE NOT
TIMELY PRESENTED IN AN EEOC CHARGE

Exhaustion of administrative remedies through the EEOC is "an essential element" of the Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in federal court. Francis v. City of New York, 235 F.3d 763, 768 (2d Cir.2000). For a Title VII claim to be timely in "in 'dual filing' states such as New York, a plaintiff must file the charge with the EEOC within 300 days of the allegedly unlawful employment practice." Henry v. Wyeth Pharm., Inc., No. 05 Civ. 8106(CM), 2007 WL 2230096, at *28 (S.D.N.Y. Jul.30, 2007); 42 U.S.C.2000e–5(e)(1); see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Federal courts must dismiss federal claims which were not preceded by the filing of a timely EEOC charge. See Morgan, 536 U.S. at 109 ("A claim is time barred if it is not filed within these time limits."); Butts v. New York Dep't of Hous. Preservation & Dev., 990 F.2d 1397, 1401 (2d Cir.1993) superseded by statute on other grounds as recognized in Hawkins v. 1115 Legal Servs. Care, 163 F.3d 684 (2d Cir.1998).

5

Title VI I requires that a plaintiff file a charge of discrimination with the EEOC before bringing suit in federal court." Pilgrim v. McGraw–Hill Companies, Inc., 599 F.Supp.2d 462, 473 (S.D.N.Y.2009) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)). "In New York, a "dual filing" state, a plaintiff has 300 days from the time the allegedly discriminatory act occurred to file a Title VII charge with the EEOC or the New York State Division of Human Rights." Id. "A claim is barred if it is not filed within these time limits." Id.

As set forth above, plaintiff was suspended on or about November 1, 2007. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 2, and Plaintiff's employment was terminated on September 2, 2008. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "E". Yet plaintiff did not file a complaint with the NYS Division of Human Rights until 316 days later on July 15, 2009. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "A". Accordingly, even though plaintiff was not working since the suspension date of November 1, 2007, which is even farther out of time, his termination date of September 2, 2008 is still beyond the 300 day period and as a result the claim should be dismissed in its entirety. .

POINT II

PLAINTIFF'S CLAIMS SHOULD BE DISMISSED AS A NEUTRAL ARBITRATOR RECOMMENDED THAT PLAINTIFF BE TERMINATED AND THAT THE DEFENDANTS HAD GROUNDS TO TERMINATE PLAINTIFF

Plaintiff is collaterally estopped and/or precluded by res judicata from making out a claim here because the arbitrator found just cause existed to suspend plaintiff and just cause

existed to terminate plaintiffs employment.  *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pgs. 20 - 21.  *See, e.g.,* Doe v. Pfrommer, 148 F.3d 73, 80 (2d Cir. 1998) (holding that the strong public policy of giving preclusive effect to administrative law judge's factual determinations and avoiding relitigation permits district court to raise issue of collateral estoppel and *res judicata sua sponte*); Boguslavsky v. Kaplan, 159 F.3d 715, 720 (2d Cir. 1998) ("collateral estoppel can be predicated on arbitration proceedings"); Andrea Doreen Ltd. v. Bldg. Material Local Union *282*, 299 F. Supp. 2d 129, 145 (E.D.N.Y. 2004) ("Collateral estoppel is also applicable to factual findings made in arbitration proceedings.").

As set forth above, On January 25, 2008 and March 17, 2008 hearings were held in the Arbitration at which time representatives of the parties appeared and were afforded a full opportunity to offer evidence and argument and to examine and cross-examine witnesses and file post-hearing briefs.  *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 1.  Plaintiff testified at his deposition that the Arbitrator found that the Canal Corporation had just cause to terminate him.  *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "D" at pg. 36. Plaintiff testified at his deposition that at the Arbitration plaintiff testified and had a lawyer representing him.  *Cochran Affirmation in Support of Motion for Summary Judgment*,  Exhibit "D" at pg. 37.

The Arbitrator, found that with respect to the incident of October 16, 2007, plaintiff used the movement of the running chainsaw and the movement of the chain as a means to frighten his co-workers, and that the plaintiff sought to heighten the fear of one of the co-workers by pointing at one while indicating "its not you, its him". *Cochran Affirmation in Support of Motion for Summary Judgment*,  Exhibit "C" at pg. 15.

The Arbitrator, further found that with respect to the incident of October 16, 2007, that the employer in all material respects proved the factual underpinning of the charge by a preponderance of the evidence. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 15. The Arbitrator, further found that with respect to the incident of October 16, 2007, that the employer had no obligation to assume the risk that the plaintiff could have engaged in similar extreme, reckless and potentially life-threatening conduct during the period between the incident and the final resolution of the charge and had probable cause to suspend the plaintiff without pay. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 16.

In addition, the Arbitrator found that with respect to the incident of October 16, 2007 that the plaintiff acted as aggressor, by using the movement of the running 24 inch chainsaw toward his co- workers as a way to threaten his co-workers by making an immediate comment and an immediate gesture directed primarily at one of the co-workers and that in accordance with the well disseminated policy of the employer that prohibits violence in the workplace that include "threats, threatening behavior and intimidation" the Canal Corporation had just cause to terminate the employment of plaintiff. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 18.

The Arbitrator also found that with respect to the incident of October 16, 2007 that the record omits any persuasive evidence that the Canal Corporation acted in an arbitrary, capricious, discriminatory, or unreasonable manner in the charge against plaintiff and in seeking termination of plaintiffs employment (*Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 20) and held that with respect to the incident of October 16, 2007, the Canal Corporation proved by a preponderance of the evidence that just cause existed to

suspend plaintiff and just cause existed to terminate plaintiffs employment. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pgs. 20 - 21.

As a result of the Arbitration hearing the Arbitrator recommended that the Canal Corporation did have just cause to suspend plaintiff and did have just cause to terminate plaintiff's employment. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 20.

Accordingly, as set forth above plaintiffs complaint should be dismissed on this ground as well.

## POINT  III

### PLAINTIFF CANNOT SATISFY HIS BURDEN OF DEMONSTRATING A PRIMA FACIE CLAIM OF DISCRIMINATION AND DEFENDANTS, THEREFORE, ARE ENTITLED TO SUMMARY JUDGMENT

Both plaintiff's Title VII and ADEA discrimination claims are analyzed under the three-step burden-shifting analysis set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Scaria v. Rubin, 117 F.3d 652, 653 (2d Cir.1997) (analyzing both Title VII and ADEA claims under the McDonnell Douglas framework).  To establish a prima facie case, the plaintiff must demonstrate that: (1) plaintiff is a member of a protected class; (2) plaintiff is qualified for the employment position at issue; (3) despite her qualifications, she was rejected; and (4) "after [her] rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications."  McDonnell Douglas, 411 U.S. 802; Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 n. 6 (1981); Brown v. Coach Stores, Inc.,163 F.3d 706, 709 (2d Cir. 1998).  Though plaintiff's burden to establish a prima facie case is not an onerous one, he cannot do so on this record.

9

For purposes of this motion, defendants assume that plaintiff can satisfy the first and third elements of his initial burden by showing that he is a member of a protected class and that was he terminated from his position. He cannot, however, establish the second and fourth elements of the prima facie case. This inability warrants entry of judgment in favor of defendants.

For the reasons set forth above, plaintiff was not qualified for the employment position at issue. The fourth prong of the prima facie case has been alternatively described to require plaintiffs to offer some evidence that the denial of the promotion "occurred under circumstances giving rise to an inference of discrimination on a basis forbidden by Title VII." Howley v. Town of Stratford, 217 F.3d 141, 150 (2d Cir. 2000); Marshall v. State of N.Y. Div. of State Police, 18 F. Supp.2d 194, 198 (N.D.N.Y. 1998). Plaintiff can offer no evidence to support her claim under this more common formulation either.

"Purely conclusory allegations of discrimination, absent any concrete particulars, are insufficient." Cameron v. Community Aid for Retarded Children, Inc., 335 F.3d 60, 63 (2d Cir. 2003); see also Hawana v. City of N.Y., 230 F. Supp.2d 518, 527-28 (S.D.N.Y. 2002); Elliott v. British Tourist Auth., 172 F. Supp.2d 395, 401 (S.D.N.Y. 2001). Therefore, it is not enough that plaintiff believes discrimination underlies his termination from his position. Gross v. National Broadcasting Co., Inc., 232 F. Supp.2d 58, 72 (S.D.N.Y. 2002) (citing Bickerstaff v. Vasser College, 196 F.3d 435, 452 (2d Cir. 1999))[1]. Plaintiff must, to survive summary judgment, articulate more than his mere belief that discrimination exists, id., and it is clear that he cannot do so.

---

[1] While Gross involved a claim of gender, not national origin discrimination the substantive legal standards are identical in either case. National Railroad Passenger Corp., 536 U.S. at 116 n.10 (citing cases).

Unable to establish even an inference that plaintiff was terminated based upon his national origin, race or age, plaintiff cannot establish either a Title VII or ADEA claim and the motion for summary judgment, therefore, should be granted.

### POINT IV

### THE RECORD ESTABLISHES THAT PLAINTIFF'S TERMINATION WAS BASED ON APPROPRIATE, JOB-PERFORMANCE CRITERIA AND WAS NOT INFLUENCED BY ANY IMPROPER ETHNIC, RACIAL OR AGE-RELATED ANIMUS

Even were the Court to find that plaintiff has established a prima facie case of discrimination, or the existence of questions of fact precluding summary judgment as to that issue, defendants are nonetheless entitled to summary judgment because the record clearly establishes that plaintiff's termination was not influenced by any improper ethnic or racial animus.

If plaintiff can make out a prima facie case, the burden then shifts to the employer to produce evidence of legitimate, nondiscriminatory reasons for the employment decision. McDonnell Douglas, 411 U.S. at 802. This burden of production simply requires articulation of a legitimate reason through the presentation of admissible evidence. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 255-56 (1981); Sutera v. Schering Corp., 73 F.3d 13, 17 (2d Cir. 1995). Plaintiff then bears the ultimate burden of proving that the proffered reason is a mere pretext for discrimination either by persuading the finder of fact that the illegitimate reason more likely constituted the true motivating factor, or by persuading the trier of fact that the employer's reason should not be believed. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507 (1993). Here, the record establishes both a legitimate basis for the challenged

action and that plaintiff is unable to establish that this ground was purely pretextual. Summary judgment for defendants, therefore, is appropriate.

As set forth above, the record before the Court demonstrates legitimate, nondiscriminatory reasons for plaintiff's termination. See, e.g., Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996) (finding that employee's poor performance was a legitimate, nondiscriminatory reason for discharging employee). In short, the Arbitrator found that with respect to the incident of October 16, 2007, plaintiff used the movement of the running chainsaw and the movement of the chain as a means to frighten his co-workers, and that the plaintiff sought to heighten the fear of one of the co-workers by pointing at one while indicating "its not you, its him". *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 15. Additionally, the Arbitrator found that the record omitted any persuasive evidence that the Canal Corporation acted in an arbitrary, capricious, discriminatory, or unreasonable manner in the charge against plaintiff and in seeking termination of plaintiffs employment (*Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 20) and held that with respect to the incident of October 16, 2007, the Canal Corporation proved by a preponderance of the evidence that just cause existed to suspend plaintiff and just cause existed to terminate plaintiffs employment. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pgs. 20 - 21.

As a result of the Arbitration hearing the Arbitrator recommended that the Canal Corporation did have just cause to suspend plaintiff and did have just cause to terminate plaintiff's employment. *Cochran Affirmation in Support of Motion for Summary Judgment*, Exhibit "C" at pg. 20.

For all of these reasons, plaintiff's complaint clearly fails to state a discrimination claim and should be dismissed.

## CONCLUSION

In light of the foregoing, the defendants' NYS Thruway Authority and the NYS Canal Corporation,, respectfully request an Order granting defendant's motion for summary judgment, dismissing plaintiff's complaint in its entirety and with prejudice.

Dated: Albany, New York
December 7, 2012

                                              ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for the Defendants NYS Thruway
Authority and the NYS Canal Corporation**,**

The Capitol
Albany, New York  12224-0341
By: *David L. Cochran*
David Cochran
Assistant Attorney General, of Counsel
Bar Roll No. 508429
Telephone:  (518) 474-4402
Fax: (518) 473-1572 (Not for service of papers)

TO:    Edward E. Ogalo
         17 West Avenue
         Ilion, NY 13357