UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EDWARD E. OGALO,

                  Plaintiff,

   -v-                                                          6:10-CV-01163

NYS THRUWAY AUTHORITY, and
NYS CANAL CORPORATION,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                     OF COUNSEL:

EDWARD E. OGALO
Plaintiff, Pro Se
17 West Avenue
Ilion, NY 13357

HON. ERIC T. SCHNEIDERMAN          BRUCE J. BOIVIN, ESQ.
Attorney General for the                  Ass't Attorney General
   State of New York
Attorney for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

      On September 29, 2010, plaintiff Edward E. Ogalo ("plaintiff" or "Ogalo"), proceeding

pro se and in forma pauperis, filed this action against the New York State Thruway Authority

and its subsidiary, the New York State Canal Corporation ("Corporation") (collectively

"defendants").¹ Plaintiff alleges he was wrongfully terminated because of his race, ethnicity, national origin, and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), New York Human Rights Law ("NYHRL"), and the Age Discrimination in Employment Act ("ADEA"). Plaintiff seeks $105,961,112.00 as compensation for pain and suffering, lost wages, loss of reputation, and psychological and emotional trauma. He also seeks letters of recommendation from both defendants.

After attempted mediation and a brief discovery period, defendants now move for summary judgment pursuant to Federal Rule of Civil Procedure 56. Ogalo did not oppose the motion, which was taken on its submissions without oral argument.

## II. FACTUAL BACKGROUND

The following facts are taken from defendants' unopposed Statement of Material Facts and are deemed admitted. Ogalo is a native of Kenya, Africa. Beginning in October 2001, plaintiff was employed full-time as a Canal Maintenance Assistant for the Corporation.

On October 16, 2007, Ogalo was working at the dry dock in the Utica Section when he picked up and swung a running chainsaw near two of his co-workers, forcing them to jump back to avoid injury. Cochran Affirm., Ex. C, ECF No. 33-5, 2 ("Arbitrator Opinion"). As plaintiff swung the chainsaw, he stated "it's not you, it's him" and gestured to one of the two co-workers who had jumped back to avoid being hit. Id. 10.

On November 1, 2007, the Corporation charged Ogalo with "workplace violence," suspended him from work, and initiated disciplinary proceedings. Id. 3. Specifically, plaintiff

---

¹ Although Ogalo's initial filing included the New York State Department of Civil Service and the New York State Office of the State Comptroller, those entities were dismissed from this action on March 1, 2011. (ECF No. 17).

was charged with violating Executive Instruction 2001-5, which provides that "[e]mployees who engage in acts of workplace violence, threats and/or intimidation of others will be subject to disciplinary action up to and including termination of employment." Id.

On December 12, 2007, pursuant to the collective bargaining agreement between the Corporation and the Civil Service Employees Association, Local 1000, AFSCME, AFL-CIO ("Union"), an arbitrator was designated to hear evidence and develop a recommendation about whether the Corporation was justified in suspending Ogalo and whether just cause existed to terminate him from employment.

On January 25, 2008, and March 17, 2008, arbitration hearings were held. Representatives from both parties appeared and were given a full opportunity to be heard, present evidence, call witnesses, and file post-hearing briefs. Ogalo was represented by a Union attorney at both hearings, where he did not deny the Corporation's allegations that he picked up and swung a running chainsaw at his co-workers. Id. 13. Rather, he claimed that his actions were mere "horseplay." Id. 14.

On August 17, 2008, the arbitrator issued a written opinion finding that the Corporation had just cause for its initial decision to suspend Ogalo. The arbitrator further found that the Corporation had just cause to terminate plaintiff, and recommended such termination as the appropriate disciplinary action. In his written opinion, the arbitrator noted that "[n]o comprehensible, legitimate, or logical reason exists to excuse the [plaintiff's] bizarre, intimidating, and threatening behavior toward his co-workers in the aftermath of an extremely dangerous situation that could have resulted in a tragedy." Arbitrator Opinion 18.

On September 2, 2008, the Corporation adopted the arbitrator's recommendation and terminated Ogalo's employment. On July 14, 2009, plaintiff filed a complaint with the New

York State Division of Human Rights ("NYSDHR"), claiming the Corporation had discriminated against him on the basis of his race, national origin, and age. Cochran Affirm., Ex. A, ECF No. 33-3, 3. On May 17, 2010, the NYSDHR dismissed plaintiff's complaint as untimely. Cochran Affirm., Ex. B, ECF No. 33-4, 1. On July 1, 2010, the Equal Opportunity Employment Commission ("EEOC") sent plaintiff a "Dismissal and Notice of Rights," stating it had adopted the NYSDHR's finding of untimeliness and informing plaintiff of his right to sue. Compl. 8.

III. **DISCUSSION**

Defendants have filed a motion for summary judgment, arguing that: (1) Ogalo's Title VII claims cannot be asserted in federal court because he did not timely file an EEOC complaint; (2) res judicata bars plaintiff from filing a lawsuit in federal court because a neutral arbitrator recommended his termination; (3) plaintiff cannot establish a prima facie claim of discrimination; and (4) plaintiff's termination was based on appropriate, job-related performance criteria and not influenced by any improper ethnic, racial, or age-related animus.

**A. Motion for Summary Judgment—Legal Standard**

The entry of summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). A fact is "material" for purposes of this inquiry if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248; see also Jeffreys v. City of N.Y., 426 F.3d 549,

553 (2d Cir. 2005). A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

When summary judgment is sought, the moving party bears the initial burden of demonstrating that there is no genuine issue of material fact to be decided with respect to any essential element of the claim. Id. at 250 n.4. The failure to meet this burden warrants denial of the motion. See id. In the event this initial burden is met, the opposing party must show, through affidavits or otherwise, that there is a material issue of fact for trial. Id. at 250.

When deciding a summary judgment motion, a court must resolve any ambiguities and draw all inferences from the facts in a light most favorable to the non-moving party. Jeffreys, 426 F.3d at 553. Summary judgment is inappropriate where "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor." Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002) (citations omitted); see also Anderson, 477 U.S. at 250 (summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict").

In situations where a party seeks summary judgment against a pro se litigant, the non-movant must be afforded special solicitude. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally.'") (quoting McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004)). This rule favoring liberal construction of pro se submissions is especially applicable to civil rights claims. See Weixel v. Bd. of Educ. of the City of N.Y., 287 F.3d 138, 146 (2d Cir. 2002).

Finally, a plaintiff's failure to respond to a summary judgment motion "does not . . . [by itself] mean that the motion is to be granted automatically." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996).  Rather, a court must "(1) determine what material facts, if any, are disputed in the record presented on the defendants' motion, and (2) assure itself that, based on the undisputed material facts in the record, the law indeed warrants judgment for the defendants." Anderson v. Kooi, No. 9:07-CV-1257, 2011 WL 1315721, at *6 (N.D.N.Y. Jan. 24, 2011) (Lowe, M.J.), adopted by 2011 WL 1256942 (N.D.N.Y. April 1, 2011).

Ogalo has not filed a response to defendants' motion for summary judgment, leaving the motion unopposed.  While it is beyond dispute that pro se plaintiffs are entitled to a measure of leniency when defending against summary judgment motions, a pro se litigant cannot be relieved of the consequences of his failure to act.  See Taylor v. Halladay, No. 9:09-CV-0385, 2010 WL 3120036, at *2 (N.D.N.Y. July 1, 2010) (Peebles, M.J.), adopted by 2010 WL 3155730 (N.D.N.Y. Aug. 9, 2010) (Scullin, S.J.) (collecting cases).  Indeed, Local Rule 56.2 requires the moving party to send a notice informing the pro se litigant that "a motion for summary judgment seeks dismissal of some or all of the claims or defenses asserted" in his complaint, and that failing to respond "may result in the Court entering judgment" against him.

Here, Ogalo received notice detailing the consequences of inaction when defendants served their motion papers.  Cochran Affirm., Ex. A, ECF No. 33-1, 1; see Champion, 76 F.3d at 486 (affirming unopposed summary judgment grant where pro se plaintiff had similar notice). Additional notice was sent directly from the Clerk of Court, advising plaintiff that defendants had moved for summary judgment and clearly stating the deadline for submitting a response.  ECF No. 35.  Ogalo was aware of the impending deadlines.  He was granted

two extensions of time to respond to defendants' motion for summary judgment. ECF Nos. 38, 41. Accordingly, there is no question that plaintiff has had ample opportunity to submit a response to the instant motion.

### B. Timeliness

Defendants argue that Ogalo cannot assert his discrimination claims in federal court because he failed to timely file an EEOC complaint. Title VII and the ADEA require an aggrieved employee to file a complaint with the EEOC or the relevant state agency within 300 days of the alleged discriminatory act as a prerequisite to bringing that claim in federal court. See 42 U.S.C. § 2000e-5; 42 U.S.C. § 12117(a). Failure to timely file an administrative complaint ordinarily results in dismissal of the claim. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). A plaintiff in federal court cannot base claims on time-barred "discrete acts" that are easily identified—such as termination, failure to promote, and denial of transfer. Id. at 114. Rather, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." Id. at 113.

Claims not raised in an administrative complaint with the EEOC or the relevant state agency may nonetheless be asserted in federal court where the claims: (1) concern conduct that falls within the scope of an EEOC investigation that can reasonably be expected to grow out of the charge; (2) allege retaliation for filing the charge; or (3) concern further incidents of discrimination carried out in precisely the same manner alleged in the charge. See Terry v. Ashcroft, 336 F.3d 128, 151 (2d Cir. 2003).

Here, Ogalo was terminated on September 2, 2008. Cochran Affirm., Ex. E, ECF No. 33-7, 3. The last day for timely filing an administrative complaint with the EEOC or the NYSDHR, the relevant state agency, alleging a discriminatory act or acts stemming from the

Corporation's decision to terminate plaintiff was June 29, 2009. However, no such filing was made until July 15, 2009, when plaintiff filed a complaint with the NYSDHR. Cochran Affirm., Ex. B, ECF No. 33-4, 1. Plaintiff's NYSDHR complaint was filed sixteen days outside the 300-day period for the timely filing of an administrative complaint.

Further, Ogalo's claims do not fall within one of the exceptions to this administrative exhaustion requirement. See Terry, 336 F.3d at 151. Plaintiff's complaint, liberally construed, makes no reference to conduct that has "grown out of" an investigation of his initial administrative complaint. On the contrary, the record shows that both the NYSDHR and the EEOC elected not to pursue an investigation of his claims because they were untimely. See Cochran Affirm., Ex. B, ECF No. 33-4, 1; Compl. 8. Nor does plaintiff claim that his termination occurred in retaliation for filing such an administrative complaint or attempt to make claims with regard to "further incidents" occurring after his initial administrative complaint was filed. On the contrary, plaintiff's NYSDHR complaint was not filed until after the Corporation terminated him and therefore the latter two exceptions to the exhaustion requirement are inapplicable. See Terry, 336 F.3d at 151.

Ogalo failed to exhaust his administrative remedies by timely filing an administrative complaint with the EEOC or the NYSDHR. Because his claims do not fall within the recognized exceptions to this exhaustion requirement, he cannot now assert them in federal court. Therefore, defendants' motion for summary judgment will be granted on this basis.

### C. Discrimination claims

Even assuming arguendo that Ogalo's claims are not barred by his failure to properly exhaust his administrative remedies, he has failed to carry his burden of establishing a prima facie case of discrimination by demonstrating either direct evidence of discrimination or by

presenting circumstantial evidence through the burden-shifting analysis for Title VII set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973).  Since NYHRL and ADEA claims are analyzed under this same burden-shifting standard, the sufficiency of plaintiff's claims under all three statutes will be analyzed together.  See Salamon v. Our Lady of Victory Hosp., 514 F.3d 217, 226 n. 9 (2d Cir. 2008) (analyzing NYHRL claims under the Title VII standard); Bucalo v. Shelter Island Union Free Sch. Dist., 691 F.3d 119, 129 (2d Cir. 2012) (analyzing ADEA claims under the Title VII standard).

To establish a prima facie case, a plaintiff must initially show that:  (1) he is a member of a protected class; (2) he is qualified for the employment position he held; (3) he suffered an "adverse employment action;" and (4) the adverse employment action occurred under circumstances giving rise to an "inference of discriminatory intent."  Holcomb v. Iona Coll., 521 F.3d 130, 138 (2d Cir. 2008).  If the plaintiff makes this initial showing, "the burden shifts to the defendant to articulate some legitimate, non-discriminatory reason for its action."  Id. (internal quotation marks omitted).  If the defendant satisfies this burden, "the burden shifts back to the plaintiff to demonstrate by competent evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination."  Leibowitz v. Cornell Univ., 584 F.3d 487, 499 (2d Cir. 2009) (internal quotation marks omitted).  Although the initial burden is not an onerous one, "[p]urely conclusory allegations of discrimination, absent any concrete particulars" are insufficient.  Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985).

Despite drawing all reasonable inferences in Ogalo's favor, a careful review of the record shows that he is unable to make this initial showing.  Plaintiff clearly satisfies the first and third prongs of the McDonnell Douglas analysis.  As a native of Kenya, he is a member

of a protected minority class. And there is no question that the Corporation's decision to terminate him is an "adverse employment action." Defendants primarily argue, however, that plaintiff cannot show that the decision to terminate him occurred under circumstances giving rise to an "inference of discriminatory intent." See Holcomb, 521 F.3d at 138.

The allegations in Ogalo's complaint fail to demonstrate otherwise. Plaintiff alleges that he "feel[s] that [he] was singled out because of [his] [r]ace and [a]ge and that ultimately [led] to [his] termination." Compl. 4. Plaintiff's complaint is devoid of any supporting facts, such as dates, identities of specific parties, or allegations of the details of any specific incidents. Plaintiff's strongest allegation—"I was sujected [sic] to harassment which incluided [sic] mimicking my ethnic accent and slurs every days [sic] from 7:30am-4:00pm"—suffers from these same shortcomings. Id. 5. These conclusory allegations, devoid of any specifics but replete with conclusions, are precisely the sort of statements that are insufficient to defeat a properly supported motion for summary judgment.

Simply stated, there is no evidence in the record that would allow a reasonable finder of fact to develop an inference of discriminatory intent arising out of the circumstances of plaintiff's termination. Ogalo's unsupported, conclusory allegations lack the concrete particulars required to establish a prima facie case of discrimination.

## IV. **CONCLUSION**

Viewing the evidence in the light most favorable to Ogalo, the non-movant, no genuine issues of material fact exist. Plaintiff's discrimination claims are barred by his failure to timely exhaust his administrative remedies, and he has failed to establish a prima facie case of discrimination. Accordingly, defendants are entitled to judgment as a matter of law.

- 10 -

Therefore, it is

ORDERED that

1. Defendants New York State Thruway Authority and New York State Canal Corporation's motion for summary judgment is GRANTED; and

2. The complaint is dismissed in its entirety; and

3. The Clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated: September 26, 2013
      Utica, New York.